UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JASPER DOUCET ET AL**        **CASE NO. 2:22-CV-05177**

**VERSUS**        **JUDGE JAMES D. CAIN, JR.**

**N G L S INSURANCE SERVICES INC**        **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 8] filed under Federal Rule of Civil Procedure by defendants NGLS Insurance Services, Inc. ("NGLS") and Integon National Insurance Company. The motion is regarded as unopposed.

### I.
### BACKGROUND

This suit arises from damage suffered by plaintiffs during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At that time plaintiffs' home in Lake Charles, Louisiana, was insured under a lender-placed homeowner's policy allegedly issued by NGLS. *See* doc. 8, atts. 2 & 3. Plaintiffs assert that NGLS failed to adequately compensate them for covered losses, and filed suit against that entity in the Fourteenth Judicial District, Calcasieu Parish, Louisiana, on June 28, 2022, raising claims of breach of insurance contract and bad faith. Doc. 10, att. 1, pp. 2–6. They amended the petition on September 1, 2022, to add as defendants Integon National Insurance Company ("Integon"), the actual issuer of the policy, and Flagstar Bank ("Flagstar"), which is plaintiffs' mortgage lender and the named insured under the policy. *Id.* at 70–74; doc. 8, atts. 2 & 3.

On the same date, NGLS removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. NGLS and Integon now move to dismiss the complaint, asserting that there is no basis for the liability of any defendant. Doc. 8. Plaintiffs have filed no response and their time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Rule 12(b)(6) Standards

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success

but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

To state a claim for relief based on an insurance policy, a plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of that policy. *Brown v. Am. Modern Home Ins. Co.*, 2017 WL 2290268, at *4 (E.D. La. May 25, 2017) (internal citations omitted). Here the relevant inquiry is whether plaintiff is a third-party beneficiary. Under Louisiana law, third party beneficiary status must be conferred by contract under what is known as a *stipulation pour autrui*. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 47 (5th Cir. 2010) (unpublished). This status is never presumed, and the party claiming the benefit bears the burden. *Joseph v. Hosp. Svc. Dist. No. 2 St. Mary Par.*, 939 So.2d 1206, 1212 (La. 2006). To this end, he must show that (1) the contract manifests a clear intention to benefit the third party; (2) there is certainty as to the benefit provided; and (3) the benefit is not merely an incident of the contract. *Brown*, 2017 WL 2290268 at *4 (citing *Joseph*, 939 So.2d at 1212–13).

Courts in this circuit have had ample opportunity to consider third-party beneficiary status under lender-placed homeowner's insurance policies. These policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance coverage. *Williams*, 398 F. App'x at 46. Though the borrowers are typically listed on the policy and pay premiums through the lender, such circumstances are insufficient to create third-party beneficiary status unless the borrower is also due some sort of benefit under the policy. *Id.* Where, however, there is a definite benefit to the homeowner within the policy,

he may be a third-party beneficiary. *See Lee v. Safeco Ins. Co. of Am.*, 2008 WL 2622997 (E.D. La. Jul. 2, 2008) (stipulation *pour autrui* created where lender-placed policy provided that any loss payment exceeding the mortgagee's interest must be paid to homeowner).

The policy at issue is referenced in the complaint and central to plaintiffs' claims. Accordingly, it is reviewable under the scope of this motion. It clearly identifies plaintiffs as "borrower," but not as named insured or additional insured. *See* doc. 8, att. 3. It does not reflect an intent, let alone a clear one, to benefit plaintiff. Accordingly, plaintiffs are neither a named insured nor the recipient of a stipulation *pour autrui*. Because all of their claims in this matter stem from alleged breaches of the insurance contract, they have no cause of action against any defendant.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 8] will be **GRANTED** and all claims will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 26th day of October, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE